(163 App. Div. 157)

MOHAWK OVERALL CO. v. BROWN et al.    (No. 181–122.)

(Supreme Court, Appellate Division, Third Department.    July 1, 1914.)

CONTRACTS    (§    286*)—BUILDING    CONTRACT—PERFORMANCE—APPROVAL    BY
ARCHITECT.

Where defendants contracted to construct a modern factory building with heavy walls and concrete floors supported by steel girders according to plans and specifications, but the work as accomplished was so defective that the building showed signs of weakness almost immediately, and in less than two months it became necessary to reinforce it in many particulars in order to make it safe to occupy, the repairs costing approximately $15,000, it was no defense to an action against the contractors for the damage sustained that the work was done under the supervision of the architect, who was present and knew the class of workmanship being put in, and that he approved the same.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1305; Dec. Dig. § 286.*]

Appeal from Trial Term, Schenectady County.

Action by the Mohawk Overall Company against Thomas C. Brown and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Naylon & Robinson, of Schenectady (Robert J. Landon, of Schenectady, of counsel), for appellants.

Loucks & Alexander, of Schenectady (William Dewey Loucks, of Schenectady, of counsel), for respondent.

WOODWARD, J.    The plaintiff is a manufacturing corporation, and the defendants, as contractors and builders, entered into a contract in writing for the construction of a factory building for the plaintiff. This building was to be approximately 37 feet in width and 137 feet in length, four stories above the basement in height. The contract, with the plans and specifications made a part thereof, entered into detail for the construction of a modern manufacturing plant with heavy walls and concrete floors supported by steel girders, and it is not disputed in this action that the building which was constructed under these plans and specifications was a failure, that it began showing signs of weakness almost immediately, and that in less than two months it became necessary to reinforce the building in many particulars in order to make it safe to occupy, and these repairs cost the plaintiff approximately the sum of $15,000, for which sum the court has awarded damages against the contractors, who appeal from the judgment.

The complaint alleged that the workmanship was not up to the standard required by the contract, and that the cement used in the laying of the brick walls did not meet the specifications, and the defendants urge that the bricks specified by the contract were not of the quality which should have been used; that the architect, under whose supervision the work was to be done, was present and knew of the class of workmanship being put in, and that the mortar used was likewise

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

impliedly or expressly sanctioned by the architect; and that if the building thus constructed under the supervision of the architect was not what was required by the plaintiff the fault was in the plans as construed and approved by the architect. The learned trial court has considered all of these contentions, and has delivered an opinion in the case which we believe fully disposes of them, and finds the plaintiff has been damaged in the sum of $15,000.

We are of the opinion that under the authorities controlling in this state the judgment is entirely right. There can be no question that the workmanship is not up to the requirements of the contract. It shows evidence of such bad faith, such reckless disregard of the requirements of such a building in which human beings are called upon to earn their daily bread, that considerations of public policy would demand that the defendants should not be permitted to sustain the defenses urged, even though the architect was empowered to waive the conditions of the written contract; for no one could successfully maintain that work of the character shown in this building could have been furnished in good faith. Piers designed to sustain weights ranging from 13 to 23 tons to the square foot were so constructed that the load must have fallen on a mere fraction of the apparent surface of the pier, and, judging from the photographs in evidence, no one connected with the work could have escaped responsibility for criminal negligence, had the building fallen before the repairs were made.

The learned court at the trial has carefully analyzed the figures, and has demonstrated that the workmanship was responsible for the dangerous and unsatisfactory condition of the building, and it would be a work of supererogation to go over the ground again. It is sufficient to say that the case has been properly disposed of, and that no reversible error appears in the record as presented upon this appeal.

The judgment appealed from should be affirmed, with costs. All concur.