William R. Brexxam, Jr., J.
The defendant Wayne Lawrence Construction Corp. (“Wayne”) moves to dismiss two causes of action in the second amended complaint. The motion is granted.
By agreement dated August 7,1958, the plaintiff husband and Wayne contracted for the purchase and sale of real property at Lawrence described as Job No. 10 in a specified block and lot. The building was apparently complete and clauses in the contract relating to inability of Wayne to complete the building were stricken.
This instrument provided for delivery at closing on October 10, 1958 of a certificate of occupancy, fire underwriters’ certificate and guarantees of heating, plumbing, roofing and electric subcontractors. It further provided: “ The seller also agrees that for the period of one year from the date of closing of title the seller will warrant and guarantee against defects in the workmanship and materials of the said house including but not limited to the basement and foundation walls not covered by any direct guarantees from the contractors delivered to the purchaser. This latter provision shall apply with respect to any defects which appear during the first year after the closing of title * * * and shall survive delivery of the deed. ’ ’
Further portions of this agreement stated: “ the seller is not and shall not be bound by any stipulations,- representations, agreements or promises not printed or inserted in this contract ”, and: “ acceptance and delivery of the deed of conveyance at the time of the closing of title hereunder, without specific written agreement which by its terms shall survive such closing of title shall be deemed to constitute full compliance by the seller with the obligations, terms, covenants and conditions of this contract on its part to be performed.”
Thereafter, on September 2, 1958, the same parties entered into a supplemental agreement to substitute a new lot and new house to be erected for the existing house described in the original agreement, said new lot and house being designated as Job No. 9. Wayne undertook to erect a house “ in accordance with the plans initialed by the parties and in other respects substantially the same as the interior, and exterior of the house located on Job No. 10 ”, with about 30 stated additions and changes including exterior work such as walks and patios, a macadam driveway, a dock and landscaping, all for a price of $90,500. Closing was now set for May 1, 1959. Provisions of the original agreement applicable to a house to be erected, which had been stricken therein, were now “ reinstated ”. The *393 earlier and supplemental agreements were stated to be the entire agreement between the parties. Title in fact closed on July 9, 1959 when conveyance was made to the plaintiff wife.
The second amended complaint pleads three causes of action against the moving defendant "Wayne. The first, alleging “ defects in the workmanship and materials in the premises ” constituting a breach of the express provisions of the agreement (references to the agreement include the original and supplemental agreements aforesaid), is not challenged. Some of the matters complained of include, among other things, a leaking basement, a leaking roof and a sinking tool shed.
The second cause of action incorporates the agreement and alleges an implied warranty that Wayne “ would perform the work provided in said contract in a good and workmanlike manner and would use ordinary care and suitable materials that the premises were constructed in a careless, negligent and unworkmanlike manner, and with improper materials, in that, among other things, many defects subsequently appeared, including a leaking basement, a sinking rear yard, and sinking exterior asphalt work. The third cause of action relates solely to a bulkhead alleged to have been constructed by Wayne Land Company, Inc., some of whose officers and agents were also officers and agents of the defendant Wayne, and alleges that there were latent defects in the bulkhead and that it was not constructed in conformity with law. It is to those last two causes of action that this motion is directed.
In the absence of agreement to the contrary, mere delivery and acceptance of a deed would not necessarily waive a breach of the building contract and the house could be accepted without waiving defects in construction (Meyer v. Woodward-Brown Realty Corp., 209 App. Div. 548, 554, affd. 239 N. Y. 613 ; Price v. Woodward-Brown Realty Corp., 190 N. Y. S. 561, affd. 201 App. Div. 837). However, the decisive fact in this case is that the plaintiffs stipulated that acceptance and delivery of the deed constituted full compliance by the seller with the obligations, terms, covenants and conditions of the contract on its part to be performed except such as might by Avritten agreement survive closing.
It is this court’s province to interpret the agreements made by the parties, but not to rewrite or reform them in this action. Here the contract expressly makes delivery and acceptance of the deed evidence of full compliance by the seller with the obligations of the contract to be performed by it and the language necessarily includes its obligations with reference to the build *394 ing and premises except as expressly reserved and unless other considerations require that the contractual text be ignored (cf. Mohawk Overall Co. v. Brown, 163 App. Div. 157, 159).
It may also be noted that the third cause of action fails to state a cause of action in any event since defendant is not alleged to have erected the bulkhead or to have had knowledge of its defects.
The motion to dismiss is therefore granted, with leave to plaintiffs to serve a further amended complaint if they be so advised within 20 days from the date of the order made hereon.