■ WHITESTONE SAVINGS AND LOAN ASSOCIATION, Respondent-Appellant, v. ALLSTATE INSURANCE COMPANY, Appellant-Respondent, et al., Defendants.— In an action by the mortgagee of a parcel of improved real property, which action, insofar as it is against defendant Allstate Insurance Company, the insurer of the property, is to recover for a loss caused by fire (first and third causes of action) and for fraud (second cause of action), plaintiff and said defendant cross-appeal from an order of the Supreme Court, Nassau County, dated March 21, 1969, which denied said defendant's motion, pursuant to CPLR 3212, for summary judgment dismissing the complaint and failed to grant plaintiff summary judgment on the second cause of action. Order reversed, on the law, without costs, summary judgment granted in favor of defendant Allstate Insurance Company, and action severed so that it may proceed separately as against the remaining defendants. Plaintiff, after filing a claim for loss under the fire policy covering the mortgaged premises, but before its negotiations with the defendant insurer had come to final fruition, instituted foreclosure and bid in the property at the sale for a sum sufficient to pay in full the amount due on the mortgage debt with interest, taxes, expenses and costs. Since the mortgage debt was completely satisfied by the proceeds of the sale, plaintiff is entitled to no further payment on account thereof (Real Prop. Actions and Proc. Law, § 1371; *Glen Cove Trust Co.* v. *Trypuc*, 110 N. Y. S. 2d 368, affd. *Matter of Glen Cove Trust Co.* v. *Trypuc*, 281 App. Div. 1034; *Lang* v. *New York Joint Stock Land Bank of Rochester*, 155 Misc. 779; *Klein* v. *Gray*, 127 N. Y. S. 2d 459; 2 Wiltsie, Mortgage Foreclosure [5th ed.], § 830). Plaintiff's contention that it is entitled to summary judgment on its second cause of action, the essential allegations of which were denied in the defendant insurer's amended answer, is without merit. It claims that during the negotiations the insurer falsely expressed a willingness to pay a stated sum in settlement, intending thereby to induce plaintiff to proceed with the foreclosure. However, it is not alleged that the insurer urged or suggested when the foreclosure should be consummated or that the insurer tried to influence the amount of the bid. That was solely the decision of plaintiff. Thus there was no showing of a misrepresentation by the insurer of a material fact. Nor did plaintiff suffer any damage, since the debt owing to it was fully satisfied as a result of the sale. Since a material misrepresentation and damage are among the elements essential for the maintenance of a suit for fraud, plaintiff's cause of action therefor is not maintainable (24 N. Y. Jur., Fraud and Deceit, § 14, and cases there cited). Christ, P. J., Brennan and Benjamin, JJ., concur; Hopkins, J., dissents and votes to affirm the order, upon the opinion of Mr. Justice Farley at the Special Term. (Beldock, P. J., deceased.)