■ ANDREW SEYFRIED et al., Appellants, v JACK GREENSPAN, Respondent. — In an action to recover on a promissory note, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated August 20, 1982, as denied those branches of their motion which sought summary judgment and dismissal of defendant's counterclaims.

Order reversed insofar as appealed from, on the law, without costs or disbursements, and those branches of plaintiffs' motion which sought summary judgment and dismissal of defendant's counterclaims are granted. Pursuant to a contract dated October 29, 1980, plaintiffs sold their interest in a New York corporation, known as the "Arthur Street Marina Corp.", to the defendant. The parties agreed that the price of the corporate shares would be $160,000 payable as follows: (1) $30,000 in cash upon the closing of the sale and (2) the balance by a 10-year promissory note bearing interest at the rate of 11% per annum, payable in equal monthly installments over 120 months, commencing January 1, 1981. Thereafter, the defendant defaulted in paying the installment due on September 1, 1981. By letter dated September 14, 1981, plaintiffs declared the entire note due and payable 15 days after receipt thereof as provided in the note, unless payment of the installment was made before that time. Thereafter, plaintiffs instituted suit to recover on the promissory note. In his verified answer, defendant admitted making the promissory note and nonpayment, but asserted four affirmative defenses and counterclaims seeking rescission of the note and the contract of sale, or reformation of the contract of sale. The defenses and counterclaims alleged, respectively, (1) fraud, (2) unilateral mistake, (3) mutual mistake and (4) conversion of corporate assets, viz., the purchase by plaintiffs of a boat for their own personal use with corporate funds. With regard to the first two affirmative defenses and counterclaims, i.e., fraud and unilateral mistake, the defendant alleged that "[c]oncurrently with signing of the contract of sale of the Marina, and as a means of inducing the defendant to enter into the contract of sale" the plaintiffs represented to defendant both orally and in writing that "the Marina had and maintained a 'Johnson Dealership' when in fact, [plaintiffs] knew or should have known that such dealership had, unbeknownst to the defendant expired, prior to the contract of sale". It was also alleged that the representations as to the Johnson dealership "were material and went to the heart of the agreement between the parties" due to the fact that: "a Johnson Dealership permits the owner to do a substantial amount of work on Johnson motors under warranty and advertise under the title of a 'Johnson Dealer'. A Marina which does not have a Johnson Dealership is worth substantially less that a Marina with such dealership. As a result of not having a Johnson Dealership, I have suffered a substantial loss in business and income." Finally, defendant alleged that he had relied on those representations and was induced to sign the contract of sale by virtue thereof. In his second affirmative defense, defendant additionally alleged that even if the representations were not fraudulently made, they "were nevertheless false and material and were relied on by the defendant in purchasing the Marina." In his third affirmative defense and counterclaim, defendant alleged that "[a]ll parties to the contract of sale were under the mistaken, material belief that the Marina would be sold together with a Johnson Dealership when in truth of fact said dealership had expired prior to the execution of the contract of sale." Thereafter, plaintiffs moved, inter alia, for summary judgment in their favor and to dismiss the defendant's affirmative defenses and counterclaims. The motion was denied by Special Term which held that "[i]n view of the conflicting allegations of the parties, material and triable issues of fact exist that preclude a summary disposition of this action." In our view, those branches of plaintiffs' motion which sought summary judgment and dismissal of defendant's affirmative defenses and counterclaims should have been granted. It has been consistently held that to obtain summary judgment "it is necessary that the movant establish his cause of action or defense 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor (CPLR 3212, subd [b]), and he must do so by tender of evidentiary proof in admissible form"

(*Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067; see, also, *Shaw v Time-Life Records,* 38 NY2d 201; *Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338). To defeat a motion for summary judgment, the opposing party must show facts sufficient to require a trial and "must make his showing by producing evidentiary proof in admissible form" (*Friends of Animals v Associated Fur Mfrs., supra,* pp 1067-1068). As the court in *Di Sabato v Soffes* (9 AD2d 297, 301), stated: "[i]t is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial." Bare conclusory allegations are insufficient to defeat a motion for summary judgment (*Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259; *Shaw v Time-Life Records, supra,* p 207; *Aetna Cas. & Sur. Co. v Schulman,* 70 AD2d 792, 794). In the case at bar there was concededly conflicting documentary evidence submitted by both parties as to whether the marina's Johnson dealership had expired prior to the execution of the contract of sale. Specifically, plaintiffs submitted in support of their motion (1) a letter dated October 19, 1981, from the general manager of OMC-Troy Hills, the Johnson distributor, to the plaintiff Andrew Seyfried indicating that "[a]ccording to our records, your [the marina's] Johnson Dealer Agreement was cancelled in early 1981", (2) an affidavit from the same general manager alleging that he wrote the said letter, that the contents thereof were true, that the letter was written in the ordinary course of business, and that it was the regular course of the business of OMC-Troy Hills to write it, and (3) an excerpt from the examination before trial of plaintiff Andrew Seyfried wherein he indicated that he never received any notice aside from the letter dated October 19, 1981 regarding the termination of the Johnson dealership. On the other hand, the defendant submitted a copy of the contract between the Arthur Street Marina Corp. and Johnson Outboards, signed by plaintiff Andrew Seyfried, which indicated that the Johnson service dealership expired on September 30, 1980, which was prior to the execution of the contract of sale of the marina. Nevertheless, with regard to the threshold issues of (1) whether representations were ever made by plaintiffs regarding the Johnson dealership (see 24 NY Jur, Fraud and Deceit, § 14) and (2) whether any representations regarding the Johnson dealership, even if made, were material to the contract of sale (see 24 NY Jur, Fraud and Deceit, § 14), defendant's opposition papers were insufficient to rebut the evidentiary proof submitted by plaintiffs with their motion for summary judgment. In support of plaintiffs' motion, an affirmation was submitted from John Puderbach, an attorney, and former counsel for plaintiffs. Puderbach affirmed that he was present throughout the execution of all of the documents relating to the sale by the plaintiffs to the defendant of the Arthur Street Marina Corp., that "[p]laintiffs did not make any representation at all about the 'Johnson Dealership' concurrently with the signing of the Contract of Sale or at any time during the execution of that document, or the related documents relevant to the sale of the marina", that "[a]t no time concurrently with the signing of the Contract of Sale or the other related documents relevant to the sale of the Marina, did [defendant] raise any question or make any comment or statement regarding the 'Johnson Dealership' ", and that "at no time were any statements made by anyone regarding the 'Johnson Dealership' ". In response to this detailed affirmation from one with personal knowledge of the facts, defendant submitted (1) his own affidavit which merely states in bare conclusory terms his "contention that the plaintiffs represented that the Arthur Street Marina Corp. had a Johnson Service Dealership when in fact, said Dealership had·expired prior to the sale"; and (2) a totally unprobative affidavit from his attorney. Nor is defendant's

argument that issues of fact exist as to "written representations as to the existence of a Johnson Dealership", any more persuasive. In support of this particular argument, defendant alerted Special Term to certain written representations made by plaintiffs concurrently with the signing of the contract which were contained in sections (e) and (h) of article IV of the contract of sale. Specifically, those contractual representations provided as follows: "(e) The balance sheet of the Company as of the 31 day of March, 1980, and related statements of income and expenses for the period ending on that date, copies of which have heretofore been delivered to the Buyer, and additional copies of which are attached hereto and made a part of this agreement, comprise an accurate statement as to the financial condition of the Company on the 31 day of Oct. 1980 * * * (h) Since the date of such balance sheet, there has been no change in the nature of the business or Company, or in its financial condition, property, or assets, other than changes in the ordinary course of a business. Further, the Company has not incurred any obligations or liabilities or made any disbursements, other than those in the ordinary course of business." Those written representations, however, are merely general representations and cannot be considered as specific representations regarding the existence of a continuing Johnson dealership. Moreover, it is a fundamental principle that to constitute fraud or mutual mistake, the facts misrepresented or the facts about which the parties are mutually mistaken must be material facts (24 NY Jur, Fraud and Deceit, §§ 14, 129; 37 NY Jur, Mistake, Accident or Surprise, §§ 4, 5; *Adams v Gillig,* 199 NY 314; *Dambmann v Schulting,* 75 NY 55, 64; *Krulewitch v National Importing & Trading Co.,* 195 App Div 544). In their motion papers for summary judgment, etc., plaintiffs annexed the balance sheet of the corporation as of March 31, 1980 and a related statement of income and expenses for the year ending March 31, 1980, prepared by certified public accountants. That documentary evidence, which was (1) delivered to the buyer prior to the execution of the contract of sale, (2) referred to in the contract of sale, and (3) made part thereof, clearly indicates that the total sales made by the marina for the year ending March 31, 1980 were $133,090. Yet, it was alleged by plaintiffs, without any contradiction by defendant, that for the last three years of their ownership, of the total sales made by the marina, only approximately $700 in sales were attributable to the Johnson dealership, an amount which cannot be considered material to the contract of sale. Finally, with respect to the fourth affirmative defense and counterclaim asserted by the defendant, viz., conversion of corporate funds for the purchase of a boat, defendant utterly failed to address, much less controvert, the evidence submitted by plaintiffs which indicated that no conversion had taken place. Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.