■ LINCOLN CONTRACTING CORPORATION, Appellant, v YONKERS COMMUNITY DEVELOPMENT AGENCY, Respondent. — Appeal from an order of the Supreme Court, Westchester County (Gurahian, J.), dated February 2, 1982, dismissed. Said order was superseded by an order of the same court entered August 11, 1982, upon the granting of renewal. Order entered August 11, 1982, affirmed, insofar as reviewed. No opinion. Defendant is awarded one bill of $50 costs and disbursements. Mollen, P. J., Lazer, Thompson and Gulotta, JJ., concur.

■ JOSEPHINE M. McKINNEY et al., Appellants, v BAY RIDGE MEDICAL GROUP et al., Defendants, and MAIMONIDES MEDICAL CENTER et al., Respondents. — In a medical malpractice action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Kings County (Kartell, J.), dated September 14, 1982, which denied their motion for an order directing five nonparties to appear and be deposed as witnesses pursuant to CPLR article 31. Order modified, by granting the motion to the extent of directing that Maimonides Medical Center appear for deposition by an agent, servant or employee having knowledge of the facts, and that said deposition shall be limited to the issue set forth by plaintiffs in their notice of motion, namely, the whereabouts of a certain drill bit. As so modified, order affirmed, without costs or disbursements. The deposition shall proceed at Special Term, Part II, of the Supreme Court, Kings County, on a date to be specified by plaintiffs in a notice of not less than 10 days, or at such other time and place as the plaintiffs and Maimonides Medical Center may agree. Under the circumstances of this case, Special Term erred in ruling that plaintiffs were not entitled to take any deposition concerning the whereabouts of the missing item. There was sufficient showing by plaintiffs' counsel that he needed a deposition on this issue to properly prepare for trial, constituting "adequate special circumstances" pursuant to CPLR 3101 (subd [a], par [4]), to warrant a deposition of Maimonides Medical Center (see *Gersten v New York Hosp.*, 81 AD2d 632; *Kelly v Shafiroff*, 80 AD2d 601). However, plaintiffs were not entitled to select and name the persons to be deposed on its behalf. The institution involved should be permitted, in the first instance, to produce a witness selected by it to testify (see *United States Overseas Airlines v Cox*, 283 App Div 31). We did not consider plaintiffs' argument, raised for the first time on appeal, that they should be permitted to expand the scope of the deposition. O'Connor, J. P., Brown, Niehoff and Rubin, JJ., concur.

■ MEAD, DORE & VOUTÉ, P. C., Appellant, v MIDLAND INSURANCE COMPANY, Respondent. — Appeal from an order of the Supreme Court, Westchester County (Gurahian, J.), entered February 19, 1982, dismissed (see *Matter of Aho*, 39 NY2d 241, 248). Judgment of the same court, entered March 4, 1982, affirmed. No opinion. Defendant is awarded one bill of $50 costs and disbursements. Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.