■ TAHINI INVESTMENTS, LIMITED, Appellant, v CAROLE BOBROWSKY, Respondent. — In an action to set aside a purchase-money mortgage and to recover damages for misrepresentation, plaintiff appeals from two orders of the Supreme Court, Dutchess County (Jiudice, J.), both entered May 11, 1983, which, respectively, (1) granted defendant's motion for summary judgment dismissing the complaint and (2) denied, as moot, plaintiff's motion for leave to depose a nonparty witness. Orders reversed, on the law, with one bill of costs,

defendant's motion denied and plaintiff's motion granted. During the course of negotiations for the sale of a 93-acre farm, defendant seller represented to plaintiff purchaser that the property had been principally used as a horse farm. Some 10 months after the closing, plaintiff's workers discovered 15 or more rusted drums buried underground. A laboratory analysis revealed that the drums contained industrial waste, which was nontoxic but could be potentially hazardous to livestock. Plaintiff claims that defendant was aware of the dumping site's existence and that defendant's failure to so inform plaintiff constitutes an actionable misrepresentation. Plaintiff also seeks to depose defendant's former employee, who is presently incarcerated, claiming that she is prepared to testify that defendant was aware of the site's existence, had permitted the dumping to occur and that another dumping site exists on the property. Defendant moved for summary judgment, claiming that she had no knowledge of the site's existence but that, even if she did, she was under no duty to speak. Defendant further claimed that the contract of sale's specific disclaimer clause precludes any claim of reliance on defendant's representations. The contract provides that: "The Purchaser represents to the sellers that he has examined and investigated to his full satisfaction the physical nature and condition of the land, the building and the personal property agrees [*sic*] to be sold * * * [T]he purchaser is not relying upon any express or implied warranties or any representations as to the physical nature or condition of the property being purchased hereunder". Special Term granted defendant's motion for summary judgment and denied, as moot, plaintiff's motion to depose a nonparty witness. Initially, we note that plaintiff's affidavit submitted in opposition to defendant's motion for summary judgment is legally sufficient. The affiant states that she is an agent of plaintiff corporation and that she participated in the negotiations for the purchase of the property. The affidavit recites the facts surrounding the sale and the discovery of the drums. As such, the affidavit meets the requirements of CPLR 3212 (subd [b]). The conflicting affidavits present triable issues of fact precluding the award of summary judgment (CPLR 3212, subd [b]). Where a party to a contract conceals a material fact which he is in good faith bound to disclose, such silence may constitute an actionable misrepresentation (*Rosenschein v McNally*, 17 AD2d 834; *Noved Realty Corp. v A.A.P. Co.*, 250 App Div 1). Furthermore, even where the parties have executed a specific disclaimer of reliance on a seller's representations, a purchaser may not be precluded from claiming reliance on any oral misrepresentations if the facts allegedly misrepresented are peculiarly within the seller's knowledge (*Danann Realty Corp. v Harris*, 5 NY2d 317, 322; *O'Keeffe v Hicks*, 74 AD2d 919). The material issues of whether defendant knew of the existence of the dumping site and whether plaintiff could have ascertained the site's presence with reasonable diligence, present questions of fact which may not be resolved on motion papers. Additionally, plaintiff cannot ascertain the extent of defendant's knowledge without examining defendant or her former employee, and this fact also warrants the denial of summary judgment at this time (see CPLR 3212, subd [f]; *Terranova v Emil*, 20 NY2d 493; *Johannsdottir v Kohn*, 90 AD2d 842). Further, plaintiff has demonstrated adequate special circumstances, pursuant to CPLR 3101 (subd [a], par [4]) to justify the deposition of an incarcerated, nonparty witness (see CPLR 3106, subd [c]; *McKinney v Bay Ridge Med. Group*, 92 AD2d 586; *Sherwood v Lilly & Co.*, 36 AD2d 533). Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.