■ HI TOR INDUSTRIAL PARK, INC., et al., Respondents, v CHEMICAL BANK et al., Appellants.—In an action to recover damages for fraud, breach of contract and negligence and for rescission, defendants appeal from an order of the Supreme Court, Westchester County (Walsh, J.), dated July 11, 1984, which denied their motion for summary judgment dismissing the amended complaint for failure to state a cause of action.

Order modified, on the law, by granting summary judgment in favor of defendants to the extent that plaintiffs' third cause of action to recover damages for breach of contract and fourth cause of action for rescission are dismissed, with leave to plaintiffs to replead their cause of action for rescission. As so modified, order affirmed, with costs to defendants.

Disclaimer clauses and merger clauses in a contract for the

sale of property are ineffective to bar the consideration of parol evidence of misrepresentation by the seller *(Sabo v Delman,* 3 NY2d 155) unless the clauses refer to the particular subject matter as to which the representations are alleged with sufficient specificity to put the buyer on notice as to the clauses' intended effect *(Danann Realty Corp. v Harris,* 5 NY2d 317, 320). We do not believe that the phrases "physical nature of the premises" and "environmental matters" in the contract of sale, under the circumstances of this case, can be said to fairly refer to the presence of underground tanks containing possibly toxic chemicals *(compare, Barnes v Gould,* 83 AD2d 900, *affd* 55 NY2d 943, *with O'Keeffe v Hicks,* 74 AD2d 919; *cf. Tahini Invs. v Bobrowsky,* 99 AD2d 489). In addition, defendants should not be allowed to invoke these disclaimer clauses to preclude introduction of evidence of any oral misrepresentations, "if the facts allegedly misrepresented are peculiarly within the seller's knowledge" *(Tahini Invs. v Bobrowsky, supra,* at p 490). Accordingly, the facts in the record, viewed most favorably to plaintiffs, support their causes of action sounding in fraud and the breach of a duty to disclose a material fact *(see, Tahini Invs. v Bobrowsky, supra; Rosenschein v McNally,* 17 AD2d 834; *see also,* Ann., 80 ALR2d 1453).

Plaintiffs' third cause of action for breach of contract must be dismissed. This cause of action alleges a total failure of consideration based on defendants' alleged fraudulent misrepresentation; however, plaintiffs fail to cite any provision of the parties' agreement which defendants have breached by their conduct. In fact, paragraph 6 of the parties' agreement provides "[t]he acceptance of a deed and bill of sale by the Buyer shall be deemed to be a full performance and discharge of every agreement and obligation herein contained or expressed". In view thereof, the breach of contract cause of action must be stricken *(see, Sklarsky v Lawrence Constr. Corp.,* 28 Misc 2d 391).

In addition, plaintiffs' fourth cause of action for rescission based on an allegation of mutual mistake must be stricken since it is contradicted by the conceded fact that defendants were aware of the underground tanks when the contract was executed. While a claim for rescission in this case therefore cannot rest upon an allegation of mutual mistake, it may be based upon allegations of fraud *(Sabo v Delman,* 3 NY2d 155, *supra;* Prosser and Keeton, Torts § 105, at 729 [5th ed 1984]). Accordingly, plaintiffs' fourth cause of action seeking rescission of the contract of sale is hereby dismissed, with leave to

plaintiffs, if they be so advised, to replead the rescission claim as a cause of action based on fraud. O'Connor, J. P., Rubin, Lawrence and Eiber, JJ., concur.