■ JOHN L. YURISH et al., Appellants, v NICHOLAS SPORTINI et al., Respondents, et al., Defendants.—In an action for rescission of a contract based on fraud in the inducement, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Ferraro, J.), dated June 27, 1985, which (1) denied the plaintiffs' motion, inter alia, for a stay of a summary proceeding to evict them and (2) granted the cross motion of the defendants Nicholas Sportini and Joan Petrucelli for an order dismissing the complaint as to them.

Ordered that the order is modified by deleting the provision granting the cross motion, and substituting therefor a provision denying said cross motion. As so modified, the order is affirmed, without costs or disbursements.

The corporate plaintiff, through its agents, the individual plaintiffs, agreed to purchase the capital stock of V.A.C. Deli Corp., the shares of which were owned by the defendants Nicholas Sportini and Joan Petrucelli (hereinafter the sellers). On or about June 30, 1983, the individual plaintiffs and the aforementioned defendants executed a stock-purchase agreement, among other documents, in order to accomplish what was, in essence, a sale of a delicatessen business to the corporate and individual plaintiffs. Included in this agreement was a provision that the purchaser (the corporate plaintiff) had not relied upon "any representation made by the Sellers * * * as to the quality of its business * * * or as to the past, present or prospective income or profits of the business". As part of this transaction, the corporate plaintiff also executed

two promissory notes, one payable to the sellers, and one payable to third parties. Under the former note, monthly installments of $1,023.24 were to be paid, and these monthly payments were also made one of the corporate plaintiff's obligations under a sublease agreement relating to the delicatessen premises.

In or around March 1984, the plaintiffs John and Emma Yurish allegedly realized that the gross receipts of the delicatessen business were far less than had been represented to them by the various defendants. The plaintiffs then retained an attorney, who promptly offered to rescind, or "undo" the transaction. The plaintiffs also stopped making the monthly installment payments on the aforementioned promissory note. The sellers allegedly refused to rescind the transaction, and there were further discussions between the parties' attorneys throughout the rest of 1984. These discussions were not fruitful.

By notice of petition dated April 15, 1985, the sellers commenced a summary proceeding to evict the corporate plaintiff from the delicatessen premises. Thereafter, the instant action for rescission of the stock-purchase agreement was commenced by the plaintiffs in the Supreme Court. The plaintiffs moved in the Supreme Court to stay the eviction proceeding, and for an order consolidating that proceeding with this action. The sellers cross-moved to dismiss the complaint. The Supreme Court granted the sellers' cross motion and dismissed the complaint. The plaintiffs' motion for a stay and consolidation was thereupon deemed academic, and denied. This appeal ensued.

The court, in granting the cross motion to dismiss plaintiffs' complaint, relied on the rule, originally expressed in *Danann Realty Corp. v Harris* (5 NY2d 317), that a purchaser who, in a contract, expressly stipulates that he has entered into the contract without reliance on any specific representations by the seller, may not subsequently claim to have been defrauded by any such representation *(see also, Galvatron Indus. Corp. v Greenberg,* 96 AD2d 881). However, the court in *Danann Realty (supra)* was careful to distinguish the prior case of *Jackson v State of New York* (210 App Div 115, *affd* 241 NY 563), in that the situation presented in *Jackson* involved a claim of misrepresentation on a subject matter which was "peculiarly within the defendant's knowledge" *(Danann Realty Corp. v Harris,* 5 NY2d 317, 322, *supra).* Accordingly, this court has repeatedly noted that allegedly fraudulent sellers may not invoke even specific disclaimer clauses in

order to preclude evidence of oral misrepresentations " 'if the facts allegedly misrepresented are peculiarly within the seller's knowledge' " *(Hi-Tor Indus. Park v Chemical Bank,* 114 AD2d 838, 839, quoting from *Tahini Invs. v Bobrowsky,* 99 AD2d 489, 490).

In the instant case, the court found that the plaintiffs had not alleged that they could not have learned the truth of the matter allegedly misrepresented, i.e., the gross sales of the delicatessen business. In other words, there was no allegation that the subject matter of the misrepresentation was peculiarly within the sellers' knowledge. It is true that the complaint contains no specific allegation of that sort. However, in opposing the sellers' cross motion, which was made pursuant to CPLR 3211 (a) (7), the plaintiffs submitted evidentiary affidavits, and did not merely rely on the allegations of their complaint. The content of these affidavits should have been considered by the court *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 635) so that the question would be not whether the plaintiffs' complaint *states* a cause of action, but whether, as a matter of fact, the plaintiffs *have* a cause of action *(see, Guggenheimer v Ginzburg,* 43 NY2d 268, 275). In light of assertions in the plaintiffs' affidavit in opposition that "we had virtually no way of confirming what the sellers told us", it is clear that the plaintiffs do have a cause of action, so that their complaint should not have been dismissed.

Turning to the remaining issues, we reject the sellers' argument that the plaintiffs' action is barred by laches, since there has been no showing of any prejudicial delay *(see generally, Matter of Barabash,* 31 NY2d 76). The sellers' argument that the plaintiffs waived their right to rescission by not promptly exercising that right is without merit *(see, New York Tel. Co. v Jamestown Tel. Corp.,* 282 NY 365) since, immediately after they learned of the alleged fraud, the plaintiffs offered to rescind the contract *(see generally, Goldsmith v National Container Corp.,* 287 NY 438, 442-443). Also, the Supreme Court erred in dismissing the plaintiffs' complaint due to a supposed lack of specificity *(see,* CPLR 3016 [b]). This issue was not raised in the defendants' cross motion, and is not urged on appeal.

Finally, since the parties have informed this court that the summary proceeding has been dismissed, we need not disturb *so much of the Supreme Court's order as denied the motion to* consolidate and for a stay. Brown, J. P., Weinstein, Lawrence and Kooper, JJ., concur.