■ JAMES WARD, Respondent, v JAMES H. HANLEY, Appellant.—In an action to recover on a series of promissory notes, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Winick, J.), entered November 21, 1986, as granted the plaintiff's motion for summary judgment in lieu of complaint with respect to liability only.

Ordered that the order is affirmed insofar as appealed from, with costs.

On September 30, 1981, the plaintiff sold his bar and restaurant business to the defendant. The contract of sale, executed on June 23, 1981, provided, *inter alia,* that it constituted the entire agreement between the parties and that the defendant had not entered into the contract in reliance on any

representations as to the past, present or prospective profits or volume of the business. As part of the purchase price, the defendant executed a series of 90 promissory notes in the sum of $1,000 each, payable monthly.

After the defendant defaulted on his 32nd note payment, due May 30, 1984, the plaintiff instituted the instant action by motion for summary judgment in lieu of a complaint pursuant to CPLR 3213 on or about May 15, 1985, seeking the unpaid balance on the notes. The defendant opposed, alleging that the plaintiff misrepresented the weekly gross income of the business, upon which the defendant relied in entering into the contract of sale. Citing the disclaimer clause of the sales contract, Special Term granted the plaintiff summary judgment as to liability only and directed that the amount of any setoff or credit due the defendant be determined at a trial. We affirm although on somewhat different grounds.

As the defendant contends, on a case such as this one involving allegations of fraud, the seller may not invoke even a specific disclaimer clause in order to preclude evidence or oral misrepresentations if the facts allegedly misrepresented are peculiarly within the seller's knowledge *(Yurish v Sportini,* 123 AD2d 760, 761-762; *Hi Tor Indus. Park v Chemical Bank,* 114 AD2d 838, 839; *Tahini Invs. v Bobrowsky,* 99 AD2d 489, 490; *see also, Danann Realty Corp. v Harris,* 5 NY2d 317, 322).

However, in the instant case, the defendant failed to submit anything of an evidentiary nature to substantiate his allegation of what the plaintiff represented the gross receipts of the business to be, or the income of the business when it was owned by the defendant and its divergence from the plaintiff's allegations of past income. Moreover, the defendant even failed to explain why he operated the business for more than 2½ years without raising an issue of fraud, and then only defensively in response to the commencement of the instant action *(see, Great Neck Car Care Center v Artpat Auto Repair Corp.,* 107 AD2d 658, 659, *lv dismissed* 65 NY2d 897).

Apart from his unsubstantiated, conclusory allegations, the defendant has submitted nothing of an evidentiary nature to substantiate his claim that the plaintiff had fraudulently represented the gross income of the business and that he relied on these representations. Since he has not come forward with sufficient admissible evidence to establish the existence of a triable issue of fact, summary judgment was properly granted *(see, Zuckerman v City of New York,* 49 NY2d

557; *Mayer v McBrunigan Constr. Corp.*, 105 AD2d 774, *lv denied* 65 NY2d 606).

The defendant's contention that the transaction was unconscionable has been examined and found to be without merit. Weinstein, J. P., Eiber, Spatt and Sullivan, JJ., concur.