■ RONALD DYGERT et al., Appellants, v ELIZABETH I. LEONARD et al., Respondents.—Weiss, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered June 26, 1987 in Albany County, which, *inter alia,* denied plaintiffs' motion for leave to serve an amended complaint and granted defendants' cross motions for summary judgment dismissing the complaint.

On March 7, 1982, plaintiffs executed a contract to purchase a one-family dwelling owned by defendant Elizabeth I. Leonard for $47,500. The realtors who listed and sold the property were defendants Virginia H. Becker and Bruce H. Becker, doing business as Town Crier Becker Realty. Leonard and her deceased husband had purchased the property, when new, from the builder in 1959. In 1976, Leonard's late husband had masonry repairs performed to install a new footing and corner of the foundation at the front end of the house. In 1981, Leonard observed cracks in the foundation wall on the rear of the house, believed to be caused by settling of the house in a sandy area. She had the footing and part of the foundation wall replaced. The cost of the 1976 work was approximately $5,000 and the 1981 work $8,300. After the work was finished, she painted the repaired wall areas.

In July 1983, more than one year after closing, plaintiffs allege that they learned from neighbors that extensive work had been performed on the foundation and that in October 1983 cracks appeared throughout the foundation. On March 13, 1984 this action was commenced asserting four causes of action labeled as fraudulent conveyance, misrepresentation of material facts, concealment of facts and breach of implied warranty of habitability. Defendants each interposed affirmative defenses and cross-claimed against each other. In March 1987, three years later, plaintiffs moved for leave to amend the complaint to allege causes of action for mutual mistake and innocent misrepresentation. Plaintiffs made a separate motion for summary judgment. Each defendant cross-moved for summary judgment dismissing the complaint against them. Supreme Court denied both of plaintiffs' motions and granted defendants' cross motions for summary judgment, giving rise to this appeal.

CPLR 3025 (b) provides that a pleading may be amended at any time with leave of a court, which leave shall be freely given upon such terms as may be just. The decision to allow or disallow an amendment is committed to the court's discretion *(Mayers v D'Agostino,* 58 NY2d 696; *Murray v City of New York,* 43 NY2d 400, 404-405). The exercise of such discretion "will not lightly be set aside" *(Beuschel v Malm,* 114 AD2d 569). " 'Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine' " *(Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959, quoting Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:5, at 477; *cf., Polak v Schwenk,* 115 AD2d 142, 143). Such prejudice or surprise must result directly from the delay *(Fahey v County of Ontario,* 44 NY2d 934, 935). Finally, "the merits of a proposed amendment will not be examined on the motion to amend—unless the insufficiency or lack of merit is clear and free from doubt" *(Norman v Ferrara,* 107 AD2d 739, 740).

These principles before us, we find that plaintiffs' proposed causes of action for innocent misrepresentation and mutual mistake would not result in surprise or prejudice flowing directly from the delay in their assertion. The first three causes of action in the complaint are all based upon allegations of fraud, concealment and misrepresentation. If the element of scienter is subtracted from a cause of action for fraud, the remainder constitutes innocent misrepresentation *(see, West Side Fed. Sav. & Loan Assn. v Hirschfeld,* 101 AD2d 380, 384, *lv denied* 65 NY2d 605). We have previously held that innocent misrepresentations may be sufficient to void a contract. *(see, Mix v Neff,* 99 AD2d 180, 183). Much the same result obtains with respect to the proposed cause of action grounded upon mutual mistake. "[T]o constitute fraud or mutual mistake, the facts misrepresented or the facts about which the parties are mutually mistaken must be material facts" *(Seyfried v Greenspan,* 92 AD2d 563, 566). The general rule is that "where a mistake in contracting is both mutual and substantial, there is an absence of the requisite 'meeting of the minds' to the contract" *(Brauer v Central Trust Co.,* 77 AD2d 239, 243, *lv denied* 52 NY2d 703). Here, the minds of the parties never met as to the past or present condition of the foundation. Plaintiffs did not want to purchase a house with a foundation problem and Leonard did not wish to sell her house until any foundation problem had been repaired.

The realtors concededly would have disclosed their knowledge of any problem if asked. If credited by the trier of the facts, plaintiffs' version would support this cause of action. Moreover, since no new allegations of fact have been pleaded, we find no basis to hold that defendants have been prejudiced by the delay in seeking the amendment. Accordingly, we find that Supreme Court erred in denying plaintiffs' motion for leave to amend their complaint.

It follows that Supreme Court also erred in granting defendants' cross motions for summary judgment. Whether representations were made to plaintiffs, whether such representations induced plaintiffs to purchase the house, what the actual condition of the house foundation was, whether defendants were aware of that condition and whether plaintiffs could have discovered such condition in the exercise of reasonable diligence, all constitute issues of fact which require resolution by trial, not motion (see, *Tahini Invs. v Bobrowsky,* 99 AD2d 489, 490; *cf., Ward v Hanley,* 130 AD2d 742). Nor do the "as is" and "merger" clauses in the contract shield defendants from judicial inquiry into specific allegations of fraud in the inducement of the contract (see, *Chopp v Welbourne & Purdy Agency,* 135 AD2d 958; *Ward v Hanley, supra,* at 743; *Caramante v Barton,* 114 AD2d 680, 682).

Order modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' motion for leave to amend the complaint and granted defendants' cross motions for summary judgment; grant plaintiffs' motion for leave to serve an amended complaint and deny defendants' cross motions for summary judgment; and, as so modified, affirmed. Mahoney, P. J., Weiss, Levine, Harvey and Mercure, JJ., concur.