■ DUNKIN' DONUTS, INCORPORATED, Respondent, v HWT ASSOCIATES, INC., et al., Defendants. DAVID B. COHEN, Nonparty Appellant, and MAA COMPANY, Nonparty Respondent.— In an action, *inter alia,* to recover on a promissory note, David Cohen, the former attorney for the defendant HWT Associates, Inc., appeals from an order of the Supreme Court, Queens County (Santucci, J.), dated June 11, 1990, which denied his motion pursuant to Judiciary Law § 475 to fix and enforce his attorney's charging lien.

■ DUNKIN' DONUTS, INCORPORATED, Respondent-Appellant, v HWT ASSOCIATES, INC., et al., Appellants-Respondents.—In an action, *inter alia,* to recover on a promissory note, the defendants appeal from so much of an order of the Supreme Court, Queens County (Santucci, J.), dated August 16, 1991, as denied their motion for summary judgment, and the plaintiff cross-appeals from so much of the same order as denied its cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the second decretal paragraph thereof and substituting therefor provisions (1) granting those branches of the plaintiff's cross motion which were for summary judgment on its first, second, fourth, and fifth causes of action and for the dismissal of the defendants' defenses and counterclaims, and (2) denying that branch of its cross motion which was for summary

judgment on its third cause of action; as so modified, the order is affirmed, with costs to the plaintiff payable by the defendant Won Teh Hwang.

The defendants purchased a Dunkin' Donuts shop from MAA Associates and subsequently entered into franchise and loan agreements with Dunkin' Donuts. No payments were made on these agreements or on promissory notes given to MAA by the defendants for the purchase price. In the present action Dunkin' Donuts seeks to recover fees and damages based on breaches of the franchise and loan agreements, as well as injunctive relief.

The defendants have raised defenses and interposed counterclaims, contending that Dunkin' Donuts had omitted the locations of competing franchises from a list supplied before the defendants entered into the franchise agreement. The defendants contended that this omission was a violation of the General Business Law's disclosure requirements (General Business Law § 683) and constituted common-law fraud and misrepresentation under General Business Law § 687.

An earlier grant of summary judgment in favor of Dunkin' Donuts was reversed by this court (Dunkin' Donuts v HWT Assocs., 157 AD2d 770). On the more fully-developed record presented in the present appeal, however, we hold that Dunkin' Donuts has established its entitlement both to summary judgment on the majority of its causes of action and to dismissal of the defendants' defenses and counterclaims.

Financial information supplied by Dunkin' Donuts proves that it is exempt from the specific disclosure requirements of General Business Law § 683, and was thus not required to furnish the location of competing franchises (see, 13 NYCRR 200.4 [c] [20] [iv], [v]; cf., General Business Law § 684 [3], [2] [c] [2]). In any event, the defendants' allegations of a violation of the statute's disclosure provisions have been adequately refuted.

The defendants have also failed to establish that they were damaged by the existence or nondisclosure of competing franchises in the vicinity of their shop. Three of the franchises complained of were in operation before the shop was purchased. The defendants could have ascertained their existence with reasonable diligence (see, Rodas v Manitaras, 159 AD2d 341), and the effect of these franchises would have been evident from the sales figures supplied by MAA Associates, the previous franchisee. Moreover, the defendants covenanted with the plaintiff that they had investigated the location and

impact of existing franchises and understood that more could be opened in the future.

Dates and sales figures, also supplied by Dunkin' Donuts, establish that the defendants' sales were not adversely affected by other franchises which opened after the defendants began operation. Without damages there can be no action for fraud *(see, Spielman v Acme Natl. Sales Co. [Del.],* 159 AD2d 918, 919; *Whitestone Sav. & Loan Assn. v Allstate Ins. Co.,* 34 AD2d 787, *affd* 28 NY2d 332), and a misrepresentation on a matter that is shown to have had a negligible effect on the defendants' business cannot be said to be material and thus cannot support an action for rescission, either in equity or under General Business Law § 687 (2) *(see, Seyfried v Greenspan,* 92 AD2d 563, 566).

The defendants' defenses and counterclaims are dismissed, and summary judgment is awarded to Dunkin' Donuts on those causes of action seeking to recover fees and damages based on the loan and franchise agreements fees as well as an injunction prohibiting the defendants from holding themselves out as operating a Dunkin' Donuts shop. Triable issues of fact exist regarding the plaintiff's third cause of action as to the nature of the defendants' activities following notice of termination. As to that cause of action, summary judgment was properly withheld. Bracken, J. P., Harwood, Lawrence and O'Brien, JJ., concur.