■ DAVIS L. HAUSER, Appellant, v CHRIS LISTA et al., Respondents, et al., Defendant. [607 NYS2d 516] —Order unanimously affirmed with costs. Memorandum: Plaintiff com-

menced this action for breach of contract, fraudulent misrepresentation and breach of warranty of title with respect to his purchase of a house in Clarence. Plaintiff alleged that he was told by the seller that the house was a "legal three-family" unit and that it conformed to the Town zoning ordinance. Subsequent to his purchase of the property, plaintiff learned that the house was listed in Town records as a one-family dwelling and that no building permits had been issued to convert it into a three-family dwelling.

The seller's real estate agent was employed by defendant Cash Realty & Auctions, Inc. (Cash Realty). Defendant Carol Zaller was employed as a real estate agent by defendant Hunt Real Estate Corporation, Inc. (Hunt). Defendant Thelma Lista held a mortgage on the property. Cash Realty, Hunt, Zaller and Thelma Lista moved for summary judgment and the court granted their respective motions. That determination was proper.

Thelma Lista did not make any representations to plaintiff regarding the property and plaintiff's assertion that she intentionally withheld information regarding the nature of the property does not support a cause of action for fraudulent misrepresentation. Similarly, plaintiff's assertion that Zaller's silence, in the presence of the seller's affirmative misrepresentations, renders Zaller and her principal Hunt liable is without merit. Plaintiff has failed to provide any proof that Zaller was aware that the property was being used in violation of the Town codes. Moreover, even if we were to impose a duty on Zaller to inspect the property for physical defects, the illegal use of the property was not discoverable from a physical inspection. Inasmuch as there is no liability on the part of Zaller, there can be no liability on the part of Hunt, her principal. Finally, there is no allegation that Cash Realty affirmatively misrepresented the legality of the use and no proof that it had a fiduciary or special relationship with the buyer to support a cause of action for negligent misrepresentation (see, Koagel v Ryan Homes, 167 AD2d 822). Mere silence on the part of Cash Realty, without active concealment or a confidential or fiduciary relationship between the parties, does not rise to the level of fraud (see, Stambovsky v Ackley, 169 AD2d 254, 257).

The court denied plaintiff's motion for summary judgment against defendant Chris Lista, the seller of the property. In opposition to plaintiff's motion, Chris submitted an affidavit averring that he was unaware that the property was not a

legal three-family dwelling and attached a copy of his mortgage, which included a rider characterizing the house as a two- to four-family dwelling. Plaintiff's motion properly was denied. Whether representations were made to plaintiff, whether such representations induced plaintiff to purchase the property, whether the seller was aware of the illegal use of the property, and whether plaintiff could have discovered the illegal use in the exercise of reasonable diligence constitute issues of fact that require resolution by trial, not by motion (see, Dygert v Leonard, 138 AD2d 793, 795; see also, Tahini Invs. v Bobrowsky, 99 AD2d 489, 490). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.