■ SUPERIOR REALTY CORP., Appellant, v CARDIFF REALTY, INC., Respondents, et al., Defendants.—In an action to recover the down payment on a contract for the sale of real property, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Posner, J.), entered April 8, 1985, which is in favor of the defendant Cardiff Realty, Inc. (hereinafter Cardiff) and against it, following a nonjury trial.

Ordered that the judgment is affirmed, without costs or disbursements.

In this action to recover the down payment on a contract for the sale of real property, the plaintiff alleged that it was induced to enter the contract in reliance on several fraudulent misrepresentations by the defendant seller Cardiff, to wit: (1) there were only minor defects in the plumbing, (2) all violations on the premises were removed, and (3) rent histories and leases would be provided.

However, in the case at bar, proof of the defendant Cardiff's alleged oral representations was barred by specific disclaimer clauses in the contract of sale. As the Court of Appeals stated in *Danann Realty Corp. v Harris* (5 NY2d 317, 320-321): "a specific disclaimer destroys the allegations in plaintiff's complaint that the agreement was executed in reliance upon these contrary oral representations". Nor can it be said that the facts allegedly misrepresented were peculiarly within the defendant Cardiff's knowledge or could not have been discovered by the plaintiff through the exercise of due diligence *(see, Tahini Invs. v Bobrowsky,* 99 AD2d 489; *Danann Realty Corp. v Harris, supra,* at p 322).

Finally, the plaintiff argues that the defendant Cardiff's letter dated September 2, 1982, rescheduling the closing to September 10, 1982, and expressly providing therein that time was of the essence, did not give the plaintiff a reasonable time in which to perform the contract *(see, Mazzaferro v Kings Park Butcher Shop,* 121 AD2d 434). However, as the trial court properly noted, the plaintiff never claimed that the time was unreasonable but instead sought to avoid performing the contract on another ground, i.e., that the contract was induced by fraudulent misrepresentations, which, as heretofore noted, is without merit.

Since the plaintiff was the party in default, it may not recover its deposit *(Leading Bldg. Corp. v Segrete,* 60 AD2d 907). Mangano, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.