■ Sam Weiss, Appellant, v Arthur Shapolsky et al., Respondents.—In an action based on fraud and misrepresentation to recover a deposit being held in escrow pursuant to a real estate contract, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Dowd, J.), dated July 25, 1988, which, inter alia, granted the defendants' motion for summary judgment dismissing the complaint, directed that the deposit be delivered to the defendants, and directed an assessment as to counsel fees to be awarded to the defendants, (2) from an order of the same court dated November 21, 1988, which denied his motion for reargument, and (3) from an order of the same court dated April 14, 1989, which denied a second motion for reargument.

Ordered that the appeals from the orders dated November 21, 1988, and April 14, 1989, respectively, are dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated July 25, 1988, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff argues that he is entitled to the return of his down payment which was deposited in escrow pursuant to a contract for the purchase of real estate, on the ground that the defendants made certain misrepresentations which fraudulently induced him to enter into the contract. We disagree.

While a general merger clause is ineffective to exclude parol evidence of fraud in the inducement, a "specific disclaimer destroys the allegations in plaintiff's complaint that the agreement was executed in reliance upon these contrary oral [mis]representations" (Danann Realty Corp. v Harris, 5 NY2d 317, 320-321; see also, Citibank v Plapinger, 66 NY2d 90; Superior Realty Corp. v Cardiff Realty, 126 AD2d 633). Here, the contract contained merger clauses which provided that the purchaser was not relying on any representations about the property's physical condition not specifically contained in the contract, that the purchaser had inspected the premises and was thoroughly acquainted with its condition, and that the

purchaser agreed to take the premises "as is". Such clauses are sufficiently specific to bar the plaintiff from claiming that he was fraudulently induced into entering the contract because of oral misrepresentations about the property's physical condition *(see, Mayer v Rabinowitz,* 114 AD2d 357; *Barnes v Gould,* 83 AD2d 900, *affd* 55 NY2d 943). Similarly, another merger clause was sufficiently specific to bar the plaintiff from alleging he was induced into entering the contract through oral misrepresentations about the current tenant.

We also reject the plaintiff's argument that the facts allegedly misrepresented were peculiarly within the defendants' knowledge *(see, Superior Realty Corp. v Cardiff Realty, supra; Barnes v Gould, supra; see generally, Yurish v Sportini,* 123 AD2d 760, 761-762). Further, we find that the court properly directed an assessment for determining reasonable counsel fees to be awarded to the defendants, as that direction was in accordance with the unambiguous terms of the contract.

We have considered the plaintiff's remaining contentions and find them to be without merit. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.