■ GLENFED FINANCIAL CORPORATION, COMMERCIAL FINANCE DIVISION, Appellant-Respondent, v AERONAUTICS AND ASTRONAUTICS SERVICES, INC., Respondent-Appellant.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered November 14, 1990, which denied plaintiff's motion for summary judgment on its first and third causes of action, dismissed the counterclaims set forth in the answer, and granted defendant leave to amend its answer to assert an affirmative defense of fraudulent inducement, unanimously modified, on the law, with costs, to deny defendant's motion for leave to plead the defense of fraudulent inducement, and grant plaintiff's motion for summary judgment on its first and third causes of action, and otherwise affirmed.

Plaintiff commenced this action to recover principal and interest based upon an alleged default under a loan agreement entered into between the parties on June 27, 1986. Plaintiff loaned defendant $4,669,000, of which $4,000,000 was used to retire a loan guarantee to plaintiff's predecessor by a company affiliated with defendant. The loan was secured by a chattel mortgage and collateral assignments, payments from which were applied to the principal, with part of the remainder credited to a collateral account, funds of which were to supplement monthly payments. The defendant remained liable for direct payment of accrued interest, while balances in the collateral account could be utilized, solely at the discretion of plaintiff, in the event of a default, which did occur.

In its answer, defendant raised three affirmative defenses and counterclaims. After partial discovery, plaintiff moved for summary judgment on the first and third causes of action. Defendant opposed and cross-moved to amend its answer to include affirmative defenses of breach of condition precedent and fraudulent inducement. The court found a prima facie

case of breach of the loan documents, and held that the parol evidence rule barred the affirmative defense of an oral promise not to enforce the loan, but that parol evidence could be pleaded as an affirmative defense of fraudulent inducement.

The Supreme Court correctly ruled that the parol evidence rule bars proof of an oral condition precedent which, as here, is expressly contradicted by the written loan agreement *(Mitchill v Lath,* 247 NY 377). The defendant's proposed fraudulent inducement defense is based upon plaintiff's alleged oral misrepresentation that it would not enforce the loan documents, or call a default thereunder, unless and until the $4,000,000 collateral stream assigned by the defendant to the plaintiff in 1986 became insufficient to cover payments of principal and interest as reflected under the subject loan documents. In essence, this is merely a restatement of defendant's claim of an agreement not to enforce the loan because of an oral condition precedent to the validity or enforceability of the loan documents. Section 2.03 (d) of the loan agreement provided that defendant "shall at all times remain liable to pay directly the accrued interest on the Term Loan, and neither payments under the Recognition Agreement nor balances in the collateral account shall be applied to pay such interest unless the [plaintiff] elects to do so in its discretion upon an Event of Default." Thus, the specific contract terms contradict the defendant's allegation that it executed the contract in reliance upon plaintiff's alleged oral misrepresentation as set forth above, and defendant's claim of fraudulent inducement is insufficient as a defense as a matter of law *(see, Marine Midland Bank v CES/Compu-Tech, Inc.,* 147 AD2d 396, *amended* 149 AD2d 341; *Marine Midland Bank v Cafferty,* 174 AD2d 932). We have considered defendant's arguments in its cross-appeal and find them to be without merit. Concur— Sullivan, J. P., Carro, Rosenberger, Wallach and Rubin, JJ.