■ SALVATORE A. LaBARBERA et al., Respondents, v JOSEPH MARINO, Appellant. [597 NYS2d 137] —In an action to foreclose a mortgage on real property, the defendant appeals from a judgment of the Supreme Court, Richmond County (Amann, J.), entered April 3, 1991, which directed that the subject real property be sold at a public auction. The appeal brings up for review an order of the same court, entered December 11, 1990, which granted the plaintiffs' motion for summary judgment.

Ordered that the judgment is affirmed, with costs.

In June 1987 the plaintiffs sold a parcel of real property to the defendant, taking back a purchase money mortgage as part of the purchase price. After making payments on the mortgage for 19 months, the defendant defaulted. Accordingly, in March 1990 the plaintiffs commenced this foreclosure action. The defendant interposed affirmative defenses and counterclaims, alleging essentially that he was fraudulently induced into entering into the contract as a result of oral

misrepresentations by the plaintiffs that the property was suitable for building. Thereafter, the court granted the plaintiffs' motion to strike the affirmative defenses and counterclaims, and awarded the plaintiffs summary judgment. Subsequently, the court issued a judgment of foreclosure and ordered the sale of the premises. We affirm.

"While general merger clauses are ineffective to exclude parol evidence of fraud in the inducement *(Sabo v Delman,* 3 NY2d 155, 162), a specific disclaimer destroys allegations that the agreements were executed in reliance upon contrary oral misrepresentations" *(Marine Midland Bank v Cafferty,* 174 AD2d 932, 933; *see also, Glenfed Fin. Corp. v Aeronautics & Astronautics Servs.,* 181 AD2d 575; *Mahn Real Estate Corp. v Shapolsky,* 178 AD2d 383, 385). Here, the contract provided that the "seller represents that the premises have been certified for subdivision", but the contract also expressly stated that the purchaser would "assume all responsibility and costs for completion of the subdivision as to the parcel herein". Thus, the contract's express terms contradict the defendant's allegations that he executed the contract in reliance upon the particular oral misrepresentations that the parcel was a "buildable" lot *(see, Glenfed Fin. Corp. v Aeronautics & Astronautics Servs., supra).* Moreover, the defendants could not have reasonably relied upon the alleged oral misrepresentations, since the facts in question, i.e., the suitability of the parcel for building, were not peculiarly within the knowledge of the plaintiffs *(see, Danann Realty Corp. v Harris,* 5 NY2d 317; *DiFilippo v Hidden Ponds Assocs.,* 146 AD2d 737; *Dunkin' Donuts v Liberatore,* 138 AD2d 559).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Thompson, Balletta and Lawrence, JJ., concur.