■ GEORGE RISBANO et al., Appellants, v 3RD & 60TH ASSO-CIATES et al., Respondents. (And a Third-Party Action.) [606 NYS2d 335] —In an action, *inter alia,* for the rescission of a contract for the sale of a condominium, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Colabella, J.), entered October 2, 1991, which, *inter alia,* dismissed the complaint after a nonjury trial.

Ordered that the order is affirmed, with costs.

In 1984, the plaintiffs entered into a contract with the defendant 3rd and 60th Associates to purchase a condominium unit in a building under construction in New York City. The plaintiffs subsequently commenced this action for rescission of

the contract on the ground, *inter alia,* that the defendants made false representations with respect to the configuration of the condominium unit, specifically, that the unit would have floor-to-ceiling windows. The court, after a nonjury trial, dismissed the complaint. We now affirm.

The Supreme Court properly found that a specific disclaimer in the parties' agreement defeated the plaintiffs' allegation that they were induced to enter into the agreement by the defendants' oral representations regarding the physical description of the unit *(see, Danann Realty Corp. v Harris,* 5 NY2d 317; *Superior Realty Corp. v Cardiff Realty,* 126 AD2d 633; *Mayer v Rabinowitz,* 114 AD2d 357). Paragraph 19 of the agreement states that the purchaser did not rely on, *inter alia,* "any architect's plans, sales plans, selling brochures, advertisements, [or] representations" with respect to, *inter alia,* any physical characteristics of the unit.

The plaintiffs' remaining contentions are either unpreserved for review or without merit. Miller, J. P., O'Brien, Ritter and Krausman, JJ., concur.