■ JOHN J. CONNOLLY, Appellant, v HAMPTON LANDSCOPES, LTD., et al., Respondents. (And a Third-Party Action.) [620 NYS2d 8] —In an action to recover damages for breach of a real estate contract, the plaintiff appeals from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Gowan, J.), entered May 12, 1993, as granted the defendants' motion for summary judgment dismissing the

plaintiff's complaint, denied the plaintiff's cross motion for summary judgment, and awarded the defendant Eurocraft Homes International Corp. the principal sum of $24,000 upon its counterclaim.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

It is well established that in order for one selling real property to be in default for failure to provide insurable title, the purchaser "must first tender performance himself and demand good title" *(Ilemar Corp. v Krochmal,* 44 NY2d 702, 703; *see also, Cohen v Krantz,* 12 NY2d 242). Since the plaintiff failed to attend the scheduled closing, never tendered performance, never demanded good title from the defendants, and never informed the defendants of specific defects in the title prior to the closing, it was the plaintiff who was in default, not the defendants *(Ilemar Corp. v Krochmal, supra).* Therefore, the Supreme Court properly granted summary judgment to the defendants and awarded the defendant seller judgment in the amount of the down payment. Lawrence, J. P., Santucci, Altman and Goldstein, JJ., concur.