■ ALPHONSE SALERNO et al., Appellants, v RICHARD P. D'ALESSANDRO et al., Respondents. [623 NYS2d 305] —In an action to recover a down payment pursuant to a real estate contract, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Nicolai, J.), dated October 18, 1993, which, upon granting the defendants' motion for summary judgment dismissing the complaint, directed that the plaintiffs' down payment be paid over to the defendants.

Ordered that the judgment is affirmed, with costs.

The plaintiffs, as buyers, refused to close on a real estate contract that they had entered into, claiming among other things, that the premises contained a substantial number of major defects. The defendants, the sellers, declined to return the buyers' down payment, asserting that the buyers had breached the contract. In response, the buyers commenced this action to recover their down payment. In their complaint, the buyers alleged, among other things, that the premises were not in the same condition and state of repair that they were in at the time the contract was executed, in violation of the contract.

Subsequently, and in opposition to the sellers' motion for summary judgment, the buyers altered their theory of recovery and claimed for the first time that the sellers had fraudulently induced them to enter into the contract by making false

representations concerning the condition of the premises, and by allegedly concealing defects in the premises. The Supreme Court rejected these allegations as conclusory and unsubstantiated, and further reasoned that the merger provisions contained in the contract precluded the assertion of any such claims. We agree.

A review of the record reveals that the contract contains comprehensive and specific merger clauses pursuant to which the buyers agreed, among other things, that they were fully acquainted with the physical condition of the premises based on their own inspection and investigation, that they entered into the contract based solely on their own inspection and investigation, that they did not rely upon any representations written or oral as to the physical condition of the premises, that they were accepting the premises "as is", and that as to the property neither party was relying on any statement not specifically contained in the contract. The foregoing clauses are sufficiently specific to bar the buyers from claiming that they were fraudulently induced into entering into the contract (see, Weiss v Shapolsky, 161 AD2d 707, 708; Danann Realty Corp. v Harris, 5 NY2d 317, 320-321; see also, Citibank v Plapinger, 66 NY2d 90; Risbano v 3rd & 60th Assocs., 200 AD2d 658). In any event, we agree that the buyers' conclusory, unsubstantiated allegations were insufficient to defeat the sellers' motion for summary judgment (see, e.g., Zuckerman v City of New York, 49 NY2d 557; Bosio v Selig, 165 AD2d 822; Assing v United Rubber Supply Co., 126 AD2d 590; cf., Columbus Trust Co. v Campolo, 110 AD2d 616, affd 66 NY2d 701; see also, Connolly v Hampton Landscopes, 210 AD2d 285; Lipshy v Sabbeth, 134 AD2d 409). Sullivan, J. P., Balletta, Rosenblatt and Miller, JJ., concur.