■ STEPHEN L. COHAN et al., Appellants, v LEON SICULAR et al., Respondents. [625 NYS2d 278] —In an action to recover damages for fraud, breach of contract, and recission of the contract, the plaintiffs appeal, from an order of the Supreme Court, Nassau County (Levitt, J.), dated November 30, 1993, which (1) granted the motion of the defendants, Leon Sicular and Sheldon Feinstein, for summary judgment dismissing the complaint insofar as it is asserted against them, (2) granted the motions of the defendants, Prudential L.I. Realty, Burr Affiliates, Inc., Grace Slezak, Thomas Tullo, Daniel Gale Associates, Inc., and Elyse Underberg to dismiss the complaint insofar as it is asserted against them, and (3) denied the branch of the plaintiffs' cross motion which was to direct the escrow agent, Sheldon Feinstein, to retain the contract deposit pending service of an amended complaint.

Ordered that the order is modified by deleting the provision thereof which granted the motions of the defendants, Prudential L.I. Realty, Burr Affiliates, Inc., Grace Slezak, Thomas Tullo, Daniel Gale Associates, Inc., and Elyse Underberg to dismiss the complaint, and substituting therefor a provision denying those motions; as so modified, the order is affirmed, without costs or disbursements.

On December 15, 1992, the defendant, Leon Sicular (hereinafter the seller), the owner of a house in Lattingtown, New York, entered into a contract to sell the house to the plaintiffs Louis and Linda Cohan (hereinafter the buyers). The seller was represented by the defendant, Sheldon Feinstien, Esq. On the same date the buyers entered into a commission agreement with the remaining defendants who are the real estate brokerage companies and the individual listing and selling brokers involved in the transaction (hereinafter the brokers). The buyers allege that prior to executing the contract and commission agreement the seller told them, and the brokers confirmed, that the annual real estate taxes on the property were approximately $16,000 and the annual utility costs were approximately $6,000. Subsequent to their execution of the contract, and after receipt of the title search, the buyers learned that the real estate taxes were actually in excess of $21,000 and the utility costs were approximately $14,000. The buyers refused to close and thereafter brought suit against the seller, his attorney, and the brokers. The buyers alleged fraud in the inducement and sought recission of the contract and the commission agreement, return of their down payment and consequential damages. The Supreme Court dismissed the complaint against all of the defendants holding that the contract's merger clause prohibited the buyers from introducing parol evidence to prove their claim.

It is well-settled that " '[w]hile general merger clauses are ineffective to exclude parol evidence of fraud in the inducement * * * a specific disclaimer destroys allegations that the agreements were executed in reliance upon contrary oral misrepresentations' " (LaBarbera v Marion, 192 AD2d 697, 698; see also, Citibank v Plapinger, 66 NY2d 90; Sabo v Delman, 3 NY2d 155, 162; Glenfed Fin. Corp. v Aeronautics & Astronautics Servs., 181 AD2d 575; Marine Midland Bank v Cafferty, 174 AD2d 932). Although the language of the merger clause in the contract at bar was general in nature, it did specifically state that "after full investigation, neither party [is] relying upon any statement made by anyone else that is not set forth in this contract". Furthermore, the contract was

one which was negotiated at arm's length between parties who were represented by counsel. Therefore, it cannot be said that the merger clause failed to put the buyer on notice as to its intended effect simply because it did not specifically reference the real estate taxes or the utility costs *(see, 198 Ave. B Assocs. v Bee Corp.,* 155 AD2d 273; *cf., Hi Tor Indus. Park v Chemical Bank,* 114 AD2D 838, 839). Accordingly, the seller was entitled to summary judgment dismissing the buyers' complaint insofar as it is asserted against him and his attorney.

However, the brokers were not entitled to summary judgment dismissing the complaint insofar as it is asserted against them based upon the merger clause since they were not parties to the real estate contract. Moreover, since the commission agreement established a contractual relationship between the buyers and the brokers, and since the buyers allege that the brokers confirmed the seller's alleged misrepresentation as to the amount of annual real estate taxes, the buyers have sufficiently stated a cause of action sounding in fraud against the brokers *(cf., Hauser v Lista,* 201 AD2d 873). Rosenblatt, J. P., Thompson, Pizzuto and Santucci, JJ., concur.