■ JOHN SILVA, Respondent, v BROOKLYN UNION GAS COM-

PANY, Appellant, et al., Defendants. (And a Third-Party Action.) [627 NYS2d 943] —In an action to recover damages for personal injuries, the defendant Brooklyn Union Gas Company appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated December 22, 1993, which denied its motion for leave to serve an amended answer asserting the defense of the "fireman's rule".

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, and the proposed amended answer is deemed served.

The additional defense asserted in the proposed amended answer is not "devoid of merit" with respect to the plaintiff's cause of action sounding in common-law negligence *(see, Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423; *Hauptman v New York City Health & Hosps. Corp.,* 162 AD2d 588). In view of the plaintiff's failure to demonstrate any prejudice which would result from the assertion of the defense, we conclude that the Supreme Court improvidently exercised its discretion in denying the appellant's motion *(see,* CPLR 3025 [b]; *Fahey v County of Ontario,* 44 NY2d 934). Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.

■ ALFONSO TAORMINA et al., Appellants, v LEONARD HIBSHER et al., Respondents. [626 NYS2d 559] —In an action to rescind the sale of certain premises and to recover damages for fraud, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), dated October 13, 1993, which granted the defendants' motion to dismiss their complaint for failure to state a cause of action.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

While it is true that a general merger clause is ineffective to exclude parol evidence of fraud in the inducement, a specific disclaimer defeats any allegation that the contract was executed in reliance upon the representations to the contrary *(see, Couch v Schmidt,* 204 AD2d 951; *Weiss v Shapolsky,* 161 AD2d 707; *Danann Realty Corp. v Harris,* 5 NY2d 317; *see also, LaBarbera v Marino,* 192 AD2d 697). In the matter at bar, the contract for the purchase of certain property, in addition to stating that all prior writings were merged therein, provided that no representations would survive the closing contract; that the purchasers had inspected the property and were entering into the contract based upon the

purchasers' own investigation; and that the purchasers were taking the property as is, without any reliance upon, *inter alia,* any oral representations. Finally, the contract provided that acceptance of the deed was to be considered full performance of all obligations. These clauses are sufficiently specific to bar the allegations of the plaintiff purchasers that they were induced to enter into this agreement by oral misrepresentations about the status of the property immediately adjacent to the premises *(see, Weiss v Shapolsky, supra).*

We see no basis for imposing sanctions against the plaintiffs under 22 NYCRR part 130. The remainder of the defendants' contentions need not be reached in light of this determination. Sullivan, J. P., Copertino, Goldstein and Florio, JJ., concur.