ROSEMARY GERMANO, Respondent, v MOSES FRIEDMAN et al., Defendants and Third-Party Plaintiffs-Appellants. RAYMOND H. GERMANO, Third-Party Defendant-Respondent. [633 NYS2d 824] —In an action to foreclose a mortgage, the defendants third-party plaintiffs appeal from (1) an order of the Supreme Court, Dutchess County (Hillery, J.), entered March 21, 1994, which granted the joint motion of the plaintiff and the third-party defendant for (a) summary judgment on the complaint and to dismiss the defendants' affirmative defenses and counterclaims, and (b) summary judgment dismissing the third-party complaint, and (2) a judgment of the same court, entered April 5, 1994, which, *inter alia,* is in favor of the plaintiff and third-party defendant and against them awarding the plaintiff a judgment of foreclosure and dismissing the defendants' affirmative defenses and counterclaims, and dismissing the third-party complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on appeal from the judgment (CPLR 5501 [a] [1]).

The contention of the defendants-buyers that there were triable issues of fact precluding summary judgment is unavailing. Here, even if the plaintiff-seller was aware that the property was a Federally-regulated wetland, the defendants' allegations

are insufficient to establish that the plaintiff had any legal duty existing outside of the contract so as to have required disclosure of this information to the defendants *(see, Stambovsky v Ackley,* 169 AD2d 254, 257-258). Accordingly, the plaintiff was entitled to summary judgment.

Moreover, the defendants' counterclaim and the third-party complaint alleging fraud in the inducement were properly dismissed, since the specific disclaimer contained in the contract amendment defeated the defendants' allegation that the agreement was executed in reliance upon contrary oral misrepresentations *(see, Citibank v Plapinger,* 66 NY2d 90; *Danann Realty Corp. v Harris,* 5 NY2d 317, 320-321; *Taormina v Hibsher,* 215 AD2d 549; *Cohan v Sicular,* 214 AD2d 637; *LaBarbera v Marino,* 192 AD2d 697). Paragraph 16 of the contract amendment expressly provided that it was a specific disclaimer intended to preclude any later claim for misrepresentation, failure to disclose, or concealment, and that its provisions would survive the closing of title.

In any event, the defendants' conclusory and unsubstantiated allegations of fraud in the inducement were inadequate to defeat the summary judgment motion *(see, Zuckerman v City of New York,* 49 NY2d 557). Moreover, in view of our agreement with the Supreme Court's conclusion, we need not address the merits of the parties' remaining contentions. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.