■ PAULETTE RUDNICK et al., Appellants, v GLENDALE SYSTEMS, INC., et al., Defendants, and JORGE DEL BARRIC et al., Respondents. [635 NYS2d 657] —In an action to rescind the sale of a bakery and to recover damages for fraud, the plaintiffs appeal, as limited by their brief, from (1) so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Becker, J.), dated February 3, 1994, as, upon granting the motion of the respondents for summary judgment dismissing the complaint insofar as it is asserted against them and to recover upon a promissory note, is in favor of the respondents and against them in the principal sum of $60,000, and (2) so much of an order of the same court, dated April 25, 1994, as, upon granting their motion for reargument and modifying the award by reducing it to the principal sum of $46,845, adhered to the original determination.

Ordered that the appeal from the order and judgment dated February 3, 1994, is dismissed, as that order and judgment was superseded by the order dated April 25, 1994, made upon reargument; and it is further,

Ordered that the order dated April 25, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents Jorge Del Barrio and Elizabeth Del Barrio are awarded one bill of costs.

In September 1990, the plaintiffs, Paulette and Philip Rudnick and their corporation, Little Muffin Man, Ltd. (hereinafter the buyers), entered into a contract to purchase a bakery from the defendants Jorge and Elizabeth Del Barrio, the owners and operators of 84-42 Woodhaven Bakery (hereinafter the sellers). As part of the purchase price, the buyers gave the sellers a promissory note for $60,000, to be paid in installments. After making over $13,000 in payments, the buyers defaulted on the note and commenced this action to rescind the contract and for compensatory damages. The buyers alleged that they were fraudulently induced into entering the contract as a result of oral misrepresentations by the sellers as to the gross receipts of the business and physical condition of the building and equipment. The Supreme Court granted the sellers' motion for summary judgment holding that the contract contained a specific merger clause which precluded the buyers' action for fraudulent inducement. We agree.

While a general merger clause is ineffective to exclude parol evidence of fraud in the inducement, a "specific disclaimer destroys the allegations in [a] plaintiff's complaint that the agreement was executed in reliance upon * * * contrary oral [mis]representations" (*Danann Realty Corp. v Harris*, 5 NY2d 317, 320-321; *see, Citibank v Plapinger*, 66 NY2d 90; *Weiss v Shapolsky*, 161 AD2d 707). The contract in the present case contained a provision that the sellers made no representations as to the property's physical condition or the bakery's income, expenses, and operation. The contract also provided that the plaintiffs had examined the tangible assets and premises and agreed to purchase them "as is". Such clauses are sufficiently specific to bar the buyers from claiming that they were fraudulently induced into entering the contract because of oral representations to the contrary (*see, Danann Realty Corp. v Harris, supra*, at 320; *Weiss v Shapolsky, supra*, at 708).

We also reject the buyers' contention that the facts allegedly misrepresented or not disclosed were peculiarly within the sellers' knowledge (*see, Superior Realty Corp. v Cardiff Realty*, 126 AD2d 633; *Tahini Invs. v Bobrowsky*, 99 AD2d 489). The buyers had the means available to them by the exercise of ordinary intelligence to learn the facts underlying the alleged misrepresentations and nondisclosures (*see, DiFilippo v Hidden Ponds Assocs.*, 146 AD2d 737). Thus, the buyers will not now be heard to complain that they were induced to enter into this contract by misrepresentations (*see, LaBarbera v Marino*,

192 AD2d 697). Miller, J. P., Pizzuto, Joy and Goldstein, JJ., concur.