■ SHERRY M. MASTERS et al., Respondents, v VISUAL BUILD-ING INSPECTIONS, INC., Defendant, and LOUIS SERPATI et al., Appellants. [643 NYS2d 599] —In an action, *inter alia,* to recover damages for breach of contract, the defendants Louis Serpati and Diane Serpati appeal from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated June 12, 1995, as denied that branch of their motion which was to dismiss the second cause of action asserted in the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion by the defendants Louis Serpati and Diane Serpati is granted, the complaint is dismissed in its entirety as against those defendants, and the action against the remaining defendant is severed.

The plaintiffs purchased a home in West Nyack from the defendants Louis Serpati and Diane Serpati. Shortly after the closing of title, the purchasers discovered leaks in the roof. They commenced the instant action against the inspection company that had inspected the house prior to contract and had reported that the roof was free of leaks, and against the sellers, alleging that they had represented that the roof was leak-free. The Supreme Court granted those branches of the sellers' motion which were to dismiss the first and third causes of action, but denied the branch of the motion which was to dismiss the second cause of action, stating that a claim to recover damages for fraud would survive a general merger clause in a contract.

While it is true that a general merger clause is ineffective to exclude parol evidence of fraud in the inducement, a specific disclaimer defeats any allegation that the contract was executed in reliance upon the representations to the contrary (*see, Couch v Schmidt,* 204 AD2d 951; *Weiss v Shapolsky,* 161 AD2d 707; *Danann Realty Corp. v Harris,* 5 NY2d 317; *see also, La-Barbera v Marino,* 192 AD2d 697). In the matter at bar, the contract, in addition to stating that all prior writings were merged therein, provided that no representations would survive the closing; that the purchasers had inspected the property and were entering into the contract based upon the purchasers' own investigation; that the purchasers were taking the property as is, without any reliance upon, among other

things, any oral representations, and that acceptance of the deed was to be considered full performance of all obligations. Finally, Paragraph 10 (a) (i) to Rider B of the contract clearly and unequivocally stated that "[t]his representation [that the roof is free of leaks] shall not survive the later of closing or delivery of possession of the premises to Purchaser". These clauses are sufficiently specific to bar the allegations of the purchasers that they were induced to enter into this agreement by oral misrepresentations about the status of the roof (*see, Taormina v Hibsher,* 215 AD2d 549; *Cohan v Sicular,* 214 AD2d 637; *Salerno v D'Alessandro,* 213 AD2d 391).

Moreover, dismissal would also be warranted since the second cause of action failed to plead the necessary elements for fraud (*see, Clanton v Vagianelis,* 187 AD2d 45); and, under the circumstances of this case, it is clear that the purchasers could not establish justifiable reliance upon the alleged representations (*see, Rudnick v Glendale Sys.,* 222 AD2d 572). Ritter, J. P., Thompson, Hart and McGinity, JJ., concur.