■ DENISE M. VENEZIA et al., Respondents, v COLDWELL BANKER SAMMIS REALTY et al., Appellants, et al., Defendant. [704 NYS2d 663] —In an action, *inter alia,* to recover damages for fraud, the defendants Thomas L. Repetti and Judith Repetti appeal, as limited by their brief, from so much of an order of

the Supreme Court, Suffolk County (Dunn, J.), dated December 14, 1998, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Coldwell Banker Sammis Realty separately appeals from the same order.

Ordered that the appeal by the defendant Coldwell Banker Sammis Realty is dismissed as withdrawn pursuant to a letter dated July 9, 1999; and it is further,

Ordered that the order is reversed insofar as appealed from by the defendants Thomas L. Repetti and Judith Repetti, on the law, the cross motion is granted, the complaint is dismissed insofar as asserted against those defendants, and the action against the remaining defendants is severed; and it is further,

Ordered that the defendants Thomas L. Repetti and Judith Repetti are awarded one bill of costs payable by the plaintiffs.

The plaintiffs (hereinafter the buyers) entered into a contract to buy the home of the defendants Thomas L. Repetti and Judith Repetti (hereinafter the sellers). A salesperson of one of the defendant real estate agencies represented to the buyers that the house was in good condition. The sellers, however, never made any representations to the buyers about the condition of the premises. After title was closed and the buyers occupied the house, they were informed of a meeting concerning a class action lawsuit with respect to toxic contamination of the untapped groundwater beneath their land and the surrounding area. Indeed, the defendant Thomas L. Repetti himself was a plaintiff in a class action lawsuit against the polluter. The buyers commenced this action against the sellers and the real estate agencies, *inter alia*, to recover damages for fraud. The Supreme Court denied the sellers' cross motion for summary judgment dismissing the complaint insofar as asserted against them, holding that their motion was premature. We now reverse.

Because the parties inserted a specific merger clause into a rider of their contract which declared that the buyers had inspected the premises, agreed to accept it "as is", and understood that no representations were made as to its condition, the buyers' claim of fraud against the sellers was extinguished upon closing (*see, Cohan v Sicular*, 214 AD2d 637).

In any event, the buyers did not allege that the sellers made any misrepresentations about the condition of the land's subsurface or groundwater (*cf.; Smith v Fitzsimmons*, 180 AD2d 177 [misrepresentations relating to latent defects were made]). The buyers also did not allege that the sellers engaged

in concealment or otherwise deceitful conduct designed to prevent the discovery of the contamination. Hence, the sellers were under no duty to speak, and their silence about the contamination is not actionable as a fraud (see, Industrial Risk Insurers v Ernst, 224 AD2d 389). Accordingly, the buyers have failed to make out a legally cognizable claim of fraud or misrepresentation against the sellers (see, Gouldsbury v Dan's Supreme Supermarket, 154 AD2d 509).

The buyers also failed to demonstrate how further discovery might yield material facts which would warrant the denial of summary judgment (see, e.g., Castrol, Inc. v Parm Trading Co., 228 AD2d 633). Since there is no indication that further discovery would have aided the buyers, the buyers' opposition to the cross motion on this ground was unpersuasive, and the mere submission of the affirmation of an attorney without personal knowledge of the facts was inadequate to defeat the cross motion (see, Matter of O'Hara, 85 AD2d 669). Thompson, J. P., S. Miller, Florio and Schmidt, JJ., concur.