■ PAUL S. ROMAN, Appellant, v GEORGE WATSON et al., Respondents. [746 NYS2d 268]

It is well settled that in order for a seller of real property to be found in default for failure to provide insurable or marketable title, the purchaser "must first tender performance * * * and demand good title" (*Ilemar Corp. v Krochmal,* 44 NY2d 702, 703; *see Cohen v Kranz,* 12 NY2d 242; *Connolly v Hampton Landscopes,* 210 AD2d 285). Since the plaintiff failed to attend the scheduled closing, did not tender performance, did not demand good title from the defendants, and did not inform the defendants of the specific defects in the title prior to the closing, he was in default, not the defendants (*see Ilemar Corp. v Krochmal, supra; Connolly v Hampton Landscopes, supra*). Therefore, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint, and denied the plaintiff's cross motion for summary judgment (*see Washington Ave. Assoc. v Euclid Equip.,* 229 AD2d 486; *Lake Hills Swim Club v Samson Dev. Corp.,* 213 AD2d 701). Santucci, J.P., S. Miller, Goldstein and Townes, JJ., concur.