■ TORRINGTON INDUSTRIES, INC., Appellant, v SOUTHWORTH-MILTON, INC., Respondent, and CATERPILLAR FINANCIAL SERVICES CORPORATION, Defendant and Third-Party Plaintiff-Respondent. THEODORE P. ZOLI JR., Also Known as THEODORE ZOLI, Third-Party Defendant-Appellant. [793 NYS2d 613]—

Carpinello, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered March 4, 2004 in Warren County, which, inter alia, granted defendants' motions for summary judgment dismissing the complaint.

In April 2001, plaintiff agreed to purchase a used bulldozer from defendant Southworth-Milton, Inc. The signed purchase order explicitly stated that the sale was subject to an inspection of the equipment by plaintiff. As anticipated, an officer of plaintiff inspected the bulldozer the following month. Included among his notes from that inspection is an acknowledgment that it was being sold with "no warranty." In fact, the June 2001 invoice for the sale confirmed that the bulldozer was sold "as is." Moreover, both the purchase order and the invoice recited that Southworth-Milton was making no warranties of any kind, either express or implied, including any warranty of merchantability or fitness for a particular purpose.

Some six months after the sale, a connecting rod in the engine broke rendering the bulldozer inoperable. Believing that it had been misled as to the condition of the machine at the time of its sale, plaintiff sued Southworth-Milton and defendant Caterpillar Financial Services Corporation, which had financed a portion of the purchase price. In turn, Caterpillar Financial filed a counterclaim against plaintiff to collect on its loan, which was then in default, as well as a third-party complaint against plaintiff's president, who had personally guaranteed the loan. After joinder of issue, both defendants successfully obtained summary judgment dismissing the complaint. In addition, Caterpillar Financial obtained judgment on the note and guaranty.

In this appeal by plaintiff and its president, they essentially argue that questions of fact exist as to whether plaintiff was defrauded at the time of sale. Specifically, they allege that Southworth-Milton employees represented that the bulldozer was "in good working order," that it was "well-suited" to plaintiff's needs and particularly that it had been "well-maintained" by its prior owner. We need not tarry over Southworth-Milton's denials that these statements were in fact made. Even if we view these alleged misrepresentations as

constituting something more than mere sales "puffery" (*Serbalik v General Motors Corp.*, 246 AD2d 724, 726 [1998]), they are insufficient to sustain a fraud claim. Specific contractual provisions that a seller has made no representations regarding a piece of equipment's condition and that a purchaser, after examining such equipment, has agreed to purchase it "as is" are sufficiently specific to bar a claim that the purchaser was "fraudulently induced into entering the contract because of oral representations to the contrary" (*Rudnick v Glendale Sys.*, 222 AD2d 572, 573 [1995]; *see Grumman Allied Indus., Inc. v Rohr Indus., Inc.*, 748 F2d 729, 737 [1984]). Thus, here, plaintiff's act of inspecting the bulldozer, in addition to the aforementioned language in the purchase order and invoice, destroyed the necessary element of justifiable reliance such that summary judgment dismissing plaintiff's complaint was properly granted.

As a final matter, we similarly find no error in Supreme Court's grant of summary judgment in favor of Caterpiller Financial on the note and guaranty, especially in light of the clear language in both documents that the obligation to pay the indebtedness is not affected by any defect in the subject equipment.

Cardona, P.J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.