Avi J. Kasten, Appellant, v Howard Golden et al., Respondents. [857 NYS2d 227]—

In an action, inter alia, to recover damages for breach of contract and fraudulent inducement, the plaintiff appeals from an order of the Supreme Court, Nassau County (Martin, J.), dated December 22, 2007, which denied his motion for summary judgment on the complaint and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The parties entered into a contract of sale for an abandoned house. The contract provided that the plaintiff relied on his own inspection regarding the condition of the premises and deleted the standard provision requiring the plumbing, heating, electrical, and mechanical systems to be delivered in working order. The parties further agreed, in a rider to the contract, that the premises were being sold "as is," without any claims, promises, or express or implied warranties regarding its condition, that

the plaintiff's acceptance of the deed was a "full and complete performance" of the defendants' obligations, and that no liability would survive delivery of the deed. When the plaintiff inspected the premises the day after the closing, he found the basement was flooded because the heat had been shut off and the pipes had frozen and burst.

The plaintiff failed to establish his prima facie entitlement to judgment as a matter of law. Moreover, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint. In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's agreement to accept the premises "as is," without an operable plumbing or heating system, and to rely on his inspection of the premises, precludes his claim that the defendants failed to deliver the property as promised (*see Simone v Homecheck Real Estate Servs., Inc.*, 42 AD3d 518 [2007]). The claim for fraudulent inducement is likewise barred because the plaintiff specifically disclaimed his reliance on any promises or warranties concerning the property's condition and agreed that the defendants were discharged from all liability with delivery of the deed (*see Venezia v Coldwell Banker Sammis Realty*, 270 AD2d 480 [2000]; *Masters v Visual Bldg. Inspections*, 227 AD2d 597 [1996]; *Cohan v Sicular*, 214 AD2d 637 [1995]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Ritter, Carni and Eng, JJ., concur.