Chase v Leidner (2025 NY Slip Op 06104)

Chase v Leidner

2025 NY Slip Op 06104

Decided on November 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 6, 2025

CV-23-2146
[*1]Peter Chase, Appellant,
v
Scott Leidner et al., Respondents.

Calendar Date:September 4, 2025

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Peter Chase, Plattsburgh, appellant pro se.
Fischer, Bessette, Muldowney & McArdle, LLP, Malone (Robert R. Lawyer III of counsel), for respondents.

Clark, J.
Appeal from an order of the Supreme Court (Allison McGahay, J.), entered September 26, 2023 in Clinton County, which granted defendants' motion for summary judgment dismissing the complaint.
In May 2022, plaintiff agreed to purchase a used fifth-wheel recreational vehicle (hereinafter the camper) from defendants for $30,000. Prior to the sale, defendants — who advertised the camper as being in "immaculate" condition — afforded plaintiff the opportunity to inspect the camper. During his inspection, plaintiff did not observe the roof of the camper, nor did he look inside cabinets located within the camper's interior. In the weeks following the sale, plaintiff came to notice holes in the roof of the camper and that the camper was infested with ants. After failed attempts to address the issues with defendants, plaintiff commenced this action against them alleging breach of contract and fraud regarding the sale of the camper. After issue was joined and discovery completed, defendants moved for summary judgment, and plaintiff opposed the motion. Supreme Court found that defendants met their prima facie burden establishing that they had fulfilled their obligation to relinquish ownership of the camper to plaintiff and did not otherwise misrepresent or conceal the condition of the camper prior to its sale. In response, plaintiff failed to raise a triable issue of fact, and, consequently, the court granted defendants' motion and dismissed the complaint. Plaintiff appeals, and we affirm.
"[A] cause of action for breach of contract requires that plaintiff show the existence of a contract, the performance of [his] obligations under the contract, the failure of defendant[s] to perform [their] obligations and damages resulting from defendant[s'] breach" (Bank of Am., N.A. v Neroni, 226 AD3d 1273, 1275 [3d Dept 2024] [internal quotation marks and citation omitted]; accord Connors v Jannuzzo, 195 AD3d 1101, 1101 [3d Dept 2021]). To support their argument that plaintiff could not make such a showing, defendants submitted, among other things, the pleadings, affidavits from themselves and their counsel, the transcript from plaintiff's deposition and text messages exchanged between defendants and plaintiff regarding the sale of the camper. Through these submissions, defendants met their initial burden in support of their motion for summary judgment, proving that there was a contract between them and plaintiff and that they fulfilled their obligation under that contract by relinquishing ownership and possession of the camper to plaintiff (see Ithaca Montessori Sch. v Pfeffer, 239 AD3d 1128, 1130-1131 [3d Dept 2025]).
Regarding plaintiff's cause of action for fraud, he must "demonstrate that defendant[s] knowingly misrepresented a material fact with the intent to deceive plaintiff and, after having justifiably relied upon such misrepresentation, plaintiff experienced pecuniary loss. However, if the facts represented are not matters peculiarly within the part[ies'] knowledge[*2], and the other party has the means available to him or her of knowing, by the exercise of ordinary intelligence, the truth of the representation, he or she must make use of those means, or he or she will not be heard to complain that he or she was induced to enter into the transaction by misrepresentations" (Clearmont Prop., LLC v Eisner, 58 AD3d 1052, 1056 [3d Dept 2009] [internal quotation marks, brackets, ellipsis and citations omitted]; see Abele Tractor & Equip. Co., Inc. v Balfour, 133 AD3d 1171, 1174 [3d Dept 2015]). Defendants averred that they did not misrepresent or conceal any known problem with the camper, indicating that they were not aware of any holes in the roof of the camper, did not experience any problems with leaks, and were not aware of an insect problem within the camper. Critically important to the legal analysis, defendants' proof established that, even if they had known of these issues and misrepresented them to plaintiff, he had been afforded the opportunity to discover any defects prior to the sale. Thus, plaintiff could not establish that he had been induced to enter into the transaction by any material misrepresentations from defendants. Plaintiff testified that he was not prevented from inspecting the camper prior to purchasing it, and that although he did inspect it, he had not checked the roof or the inside of any cabinets, despite having full access to do so. As an owner of multiple used campers in the past, plaintiff also acknowledged that he was aware that campers were known to have leaks and, thus, he should have known to check the roof.[FN1]
As defendants made their requisite showing of entitlement to judgment as a matter of law with respect to both of plaintiff's causes of action, the burden then shifted to plaintiff to "raise a triable issue of fact through the submission of competent evidence" (Cobleskill Stone Prods., Inc. v Merchants Natl. Bonding, Inc., 223 AD3d 1021, 1024 [3d Dept 2024]). In attempting to do so, plaintiff's submissions were largely inadmissible, including an unsworn letter and photographs without a proper foundation (see CPLR 3212 [b]; see generally Scott v Schwartz, 236 AD3d 1273, 1276 [3d Dept 2025]).[FN2] Even if plaintiff's proof was in proper form and admitted, it did not rebut his own testimony that defendants fulfilled their obligation under the contract and that he had the means of discovering any adverse condition of the camper prior to finalizing the sale thereof.[FN3] Considering the evidence in a light most favorable to plaintiff, he failed to raise any issue of fact, and Supreme Court properly granted defendants' motion for summary judgment and dismissed the complaint in its entirety (see Bank of Am., N.A. v Neroni, 226 AD3d at 1276; Cobleskill Stone Prods., Inc. v Merchants Natl. Bonding, Inc., 223 AD3d at 1025).
Plaintiff's remaining contentions, to the extent that they are properly before us, have been reviewed and found to be lacking in merit.
Garry, P.J., Aarons, Reynolds Fitzgerald [*3]and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: At oral argument, plaintiff stated that he was unable to perform the inspection. Nonetheless, this does not release him from the legal requirement, as he could have arranged for another individual to perform such an inspection on his behalf, prior to agreeing to the purchase.

Footnote 2: Notably, although inadmissible, the photographs — which were taken after the sale of the camper was completed — do not alone establish that defendants knew of the conditions that plaintiff complains of prior to the sale of the camper.

Footnote 3: To the extent that plaintiff argued that defendants breached the contract by providing a camper that was not in "immaculate" condition, such argument is unavailing. Plaintiff has failed to raise an issue of fact regarding whether the camper being in "immaculate" condition was a contingency of the contract. To the contrary, the bill of sale, which plaintiff relied on to finance his purchase, indicated that the camper was being sold in "[a]s is" condition. What is more, the characterization of the camper being in "immaculate" condition is an "opinion[ ] of value" and, thus, not a misrepresentation that plaintiff can now claim he relied on (Ironwoods Troy, LLC v Optigolf Troy, LLC, 204 AD3d 1130, 1132 [3d Dept 2022] [internal quotation marks and citations omitted]; see Torrington Indus., Inc. v Southworth-Milton, Inc., 17 AD3d 894, 895-896 [3d Dept 2005]).